IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HOLLY A. JARAMILLO,

      **Plaintiff,**

  **v.**                                          **No. 14-cv-0333 SMV**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security Administration,

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 22] ("Motion"), filed on October 21, 2014. The Commissioner responded on February 17, 2015.  [Doc. 28].  Plaintiff replied on March 16, 2015.  [Doc. 29].  The parties have consented to the undersigned's entering final judgment in this case.  [Doc. 8].  Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in evaluating the medical opinions of two treating providers.  Because this error may necessarily affect the residual functional capacity ("RFC") assessment and, thus, Plaintiff's other alleged errors, the Court declines to address those errors at this time. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings in accordance with this opinion.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

[the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on October 15, 2010. Tr. 15. She alleged a disability-onset date of May 1, 2010. *Id.* Her claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Larry D. Shepherd held a video hearing on February 13, 2013, in Oklahoma City, Oklahoma. *Id.* Plaintiff appeared via videoconference from Santa Fe, New Mexico, with her attorney, Gary Martone. *Id.* The ALJ heard testimony from Plaintiff and an impartial vocational expert, Cary L. Bartlow. Tr. 15, 369–89.

The ALJ issued his unfavorable decision on May 16, 2013. Tr. 15–25. At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 17. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, he found that Plaintiff suffered from the following severe impairments: "degenerative disc disease, fibromyalgia, endometriosis, endometritis, and episodic vertigo[.]" *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 21–22.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 22–25. The ALJ found that:

> [Plaintiff] has the [RFC] to lift and carry 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. [Plaintiff] can occasionally climb, balance, stoop, kneel, crouch, and crawl. [Plaintiff] is to avoid concentrated exposure to very loud noises, vibrations, and hazards, such as unprotected heights and heavy machinery.

Tr. 22.  At step four, the ALJ found that Plaintiff was "capable of performing past relevant work as a secretary."  Tr. 25.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claims.  *Id.*

The Appeals Council denied Plaintiff's request for review on February 11, 2014. Tr. 6−9.  Plaintiff timely filed the instant action on April 8, 2014.  [Doc. 1].

## Analysis

Plaintiff contends that the ALJ erred in failing to apply the correct legal standard in evaluating the medical opinions of two treating providers: Karin Thron, M.D., and Holly J. Purcell-Callin, Certified Nurse Practitioner ("CNP").  [Doc. 22] at 9.  The Commissioner disagrees and argues that the ALJ properly rejected both opinions.  [Doc. 28] at 7−11.  Plaintiff is correct, and remand is warranted.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record.   20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2).  This is known as the "treating physician rule."  *Langley*, 373 F.3d at 1119.  The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight.  *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

Treating physician opinions—in order to receive controlling weight—must be both supported by medical evidence and consistent with the record.  If not, the opinions may not

merit controlling weight but still must be given deference and must be weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. §§ 404.1527(c), 416.927(c).  However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary.  What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that he ultimately assigns to the opinions.  *Langley*, 373 F.3d at 1119; see 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two phases.  First, the ALJ must find that the opinion is not supported by medical evidence and/or is not consistent with the record.  Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above.  Like all findings, an ALJ's findings in these two phases must be supported by substantial evidence.

### I.   The ALJ failed to apply the correct legal standard in evaluating the medical opinion of Dr. Thron.

Dr. Thron was Plaintiff's primary care physician. [Doc. 28] at 2.  In a letter dated February 2, 2010, Dr. Thron stated that Plaintiff suffered from "severe episodes of vertigo" and essentially limited Plaintiff to working 20 hours per week.  Tr. 185.

In the ALJ's decision, he found Plaintiff's vertigo to be a severe impairment at step two and referenced Dr. Thron's letter in his analysis.  Tr. 18.  However, the ALJ made no further mention of Dr. Thron's medical opinion.  *See* Tr. 15–25; *also* [Doc. 22] at 9.  He neither incorporated her limit to 20 hours per week into the RFC nor explained why he declined to do so.  *See* Tr. 15–25.  Plaintiff contends that the ALJ erred failing to evaluate and weigh the treating physician's medical opinion.  [Doc. 22] at 9.  Plaintiff is correct.

Here, the ALJ failed to follow either phase of the treating physician rule.  He made no finding as to whether Dr. Thron's opinion was unsupported by medical evidence and/or inconsistent with the record.  Neither did the ALJ weigh Dr. Thron's opinion according to the *Watkins* factors.  The absence of such findings and analysis runs afoul of the treating physician rule and warrants remand.

The Commissioner argues that the ALJ did not error in failing to incorporate Dr. Thron's medical opinion into the RFC assessment because the opinion was made in February 2010, three months prior to the beginning of the adjudicated period in the case.  [Doc. 28] at 8.  Relatedly, the Commissioner argues that because the medical opinion concerned Plaintiff's condition several months prior to the adjudicated period, Plaintiff suffered no prejudice from this alleged error.  *Id.* at 9–10.  Further, she contends that Dr. Thron's opinion "merely recites Plaintiff's subjective complaints and her self-reported inability to work more than 20 hours per week and was not supported by associated objective medical records or findings."  *Id.* at 8, 9.  Plaintiff replies that the Commissioner's arguments are "post hoc rationalizations and may not be used to support the ALJ's decision."  [Doc. 29] at 2 (emphasis omitted).  Plaintiff is correct.

Reviewing courts may only evaluate an ALJ's decision "based solely on the reasons stated in the decision" and may not "supply[] possible reasons" for an ALJ's decision after the fact. *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). A court may not make a "post hoc effort to salvage [an] ALJ's decision," because such an effort would thrust the court beyond its proper role of judicial review and into the exclusive domain of the administrative agency. *Id.* at 1084–85. This Court, therefore, may only consider the reasons provided by the ALJ himself and may not consider the post hoc support offered by the Commissioner. Here, the ALJ failed to apply the correct legal standards in evaluating Dr. Thron's opinion, and the Commissioner's impermissible post hoc explanation cannot remedy the error.

Further, the Commissioner suggests that the ALJ was not required to defer to Dr. Thron's opinion because it concerned "Plaintiff's work activity" and was therefore "clearly within the ALJ's sole province." [Doc. 28] at 8; *see id.* at 9 ("[R]esidual functional capacity is not a medical opinion."). The Court is not persuaded. First, the Commissioner's argument conflates the functions of the treating physician and the ALJ in an apparent attempt to circumvent the treating physician rule. Second, published Tenth Circuit law has expressly dismissed this argument as a "red herring." *Krauser v. Astrue*, 638 F.3d 1324, 1331–32 (10th Cir. 2011). Finally, the argument is an impermissible post hoc explanation because the ALJ did not offer this rationale himself. *See Robinson*, 366 F.3d at 1084–85.

The Commissioner characterizes Plaintiff's challenge as essentially asking the court to reweigh the evidence, which of course, it may not do. [Doc. 29] at 9. As Plaintiff correctly notes, *see* [Doc. 29] at 1, the argument is not about the weight of the evidence but, rather, about

the application of the correct legal standard.  The Court finds that the ALJ failed to apply the correct legal standard in evaluating Dr. Thron's opinion, and remand is warranted.

II.  The ALJ failed to apply the correct legal standard in evaluating
the medical opinion of CNP Purcell-Callin.

Plaintiff argues that the ALJ failed to properly evaluate and weigh the opinion of CNP Purcell-Callin.   In his decision, the ALJ gave "[n]o weight" to the Physical RFC Assessment completed by CNP Purcell-Callin, *see* Tr. 333–40, because CNP Purcell-Callin "[was] not a medically acceptable source under the regulations."  Tr. 24.  The ALJ explained that CNP Purcell-Callin "was employed at Dr. Amer's clinic, and it would have been as convenient for the doctor to have completed the Physical [RFC] Assessment."  *Id.*  The ALJ went on to find that CNP Purcell-Callin's "opinion [was] not supported by the evidence of record as a whole."  *Id.*

Plaintiff contends that, though CNP Purcell-Callin was not an "acceptable medical source," the treating physician rule still applied.  [Doc. 22] at 9–10.  Plaintiff is correct.  The opinions of medical sources who are not "acceptable medical sources," including nurse practitioners, are nevertheless "important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."  Social Security Ruling ("SSR") 06-03P, 2006 WL 2329939, at *3.  CNP Purcell-Callin treated Plaintiff on multiple office visits between February, 2010, and July, 2013.  *See* Tr. 301, 303, 305–06, 315, 317–21, 325–26, 329–30, and 365.  And she offered her opinion on impairment severity and functional effects.  Though CNP Purcell-Callin is not an "acceptable medical source," her opinion is nevertheless important and should have been evaluated as one of a treating provider.

The ALJ was required to apply the two-phase treating physician rule to the medical opinion of CNP Purcell-Callin.  Notwithstanding his rejection of CNP Purcell-Callin's opinion as an unacceptable medical source, the ALJ found that the provider's opinion was not supported by the evidence of the record as a whole.  Tr. 24.  This finding addresses the first phase of the treating physician rule.  However, the ALJ did not proceed to the second phase and weigh the opinion according to the *Watkins* factors.  Accordingly, the ALJ failed to apply the correct legal standard in evaluating CNP Purcell-Callin's medical opinion.

The Commissioner argues that the ALJ did, in fact, consider CNP Purcell-Callin's RFC assessment and adequately resolved the conflicts of record when determining Plaintiff's RFC. [Doc. 28] at 10. The Commissioner suggests that CNP Purcell-Callin's opinion was "entitled no weight because the medical source did not link the conclusions in the form to the clinical findings by any reasoning or analysis." *Id.* at 10.  She also contends that CNP Purcell-Callin relied on Plaintiff's subjective complaints of severe pain in formulating her RFC analysis— which were determined by the ALJ to be not credible.  *Id.*  However, none of these reasons was provided by the ALJ himself.  *Compare id.* at 9–11, *with* Tr. 24.  The Commissioner's arguments are impermissible post hoc rationalizations, and they cannot remedy the ALJ's error. *See Robinson*, 366 F.3d at 1084–85.

Further, the Commissioner suggests that the ALJ was not required to defer to CNP Purcell-Callin's opinion concerning Plaintiff's RFC because the RFC is an "administrative assessment" rather than a "medical opinion."  [Doc. 28] at 10.  The Court is not persuaded.  The Commissioner's argument conflates the functions of the treating provider and the ALJ in an apparent attempt to circumvent the treating physician rule.  Moreover, as discussed above, the

Tenth Circuit has expressly dismissed this argument as a "red herring."  *Krauser*, 638 F.3d at 1331–32.

Finally, the Commissioner contends that Plaintiff's argument as to CNP Purcell-Callin is "merely an extended request to the Court to reweigh the evidence of her credibility and reach a conclusion that is more favorable to her."  [Doc. 28] at 11.  The Commissioner's argument is unavailing.  Plaintiff's argument is not about the weight of evidence but, rather, about the application of the correct legal standard.  *See* [Doc. 29] at 1.  The Court finds that the ALJ failed to apply the correct legal standard in evaluating CNP Purcell-Callin's opinion, and remand is warranted.

## Conclusion

The ALJ erred in failing to apply the correct legal standards in evaluating the medical opinions of Dr. Thron and CNP Purcell-Callin.  Therefore, the Motion will be granted, and the case will be remanded.  Because proper evaluation of these medical opinions may necessarily affect the RFC assessment, the Court declines to address Plaintiff's other alleged errors at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 22] is **GRANTED**.  The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

11